| | |
|---|---|
| District Court, DENVER COUNTY, COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | DATE FILED: October 27, 2023 4:37 PM<br>FILING ID: B592FCD2D4468<br>CASE NUMBER: 2023CV33171 |
| Plaintiff: **JANE DOE**, an individual;<br><br>v.<br><br>Defendant: **UNITED AIRLINES, INC**., a foreign corporation. | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff:<br>Daniel D. Williams, # 38445<br>Hutchinson Black and Cook, LLC<br>921 Walnut Street, Suite 200<br>Boulder, CO 80302<br>Dan.williams@hbcboulder.com<br>P: (303) 442-6514 \| F: (303) 442-6593 | Case Number:<br><br>Div:<br><br>Ctrm: |
| **PLAINTIFF'S MOTION TO PROCEED USING FICTITIOUS NAME AND FOR A PROTECTIVE ORDER REGARDING SAME** | |

COMES NOW, Plaintiff referred to by the pseudonym Jane Doe, by and through undersigned counsel, Hutchinson Black and Cook, LLC, and moves the Court for leave to allow her to proceed under a fictitious name, for a protective order preventing the disclosure of Plaintiff's name and for any other similar order protecting her privacy. In support of this motion, Plaintiff states as follows:

1. Plaintiff seeks an order from the Court allowing her to proceed using a fictitious name and to otherwise avoid having her name identified in open court records.

2. In general, a complaint "shall include the names of all the parties to the action." C.R.C.P. 10(a). However, a trial court may allow a party to proceed under a fictitious name when "significant privacy interests are at stake." *Doe v. Heitler,* 26 P.3d 539, 541 (Colo. App. 2001).

3. When making the assessment whether to permit a party to proceed under a fictitious name, the Court is to consider whether:

> the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party …; whether the action is against a governmental or a private party; …; and the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.*

4. Here, the balance of factors favors allowing Ms. Doe to proceed under a fictitious name. Ms. Doe brings this lawsuit because she was a victim of sexual assault while a passenger on a United flight. Sexual assault is a sensitive and highly personal matter. Moreover, the Complaint in this matter details the severe mental anguish Ms. Doe has experienced as a result of the assault, including being diagnosed with post-traumatic stress disorder. Allowing Ms. Doe to proceed using a fictitious name will reduce the risk that the lawsuit causes further mental harm and distress to her. Finally, proceeding using a fictitious name would not be unfair to any party. Through pre-suit discussions, United is aware of Ms. Dore's true identity.

5. In terms of the equities of Plaintiff's request, should the Court require Plaintiff to proceed in her own name, both Plaintiff and other sexual assault victims would have to consider whether it is in their best interest to subject themselves to both embarrassment and emotional distress in order to protect their rights and promote the safety of others. Victims, such as Plaintiff, should not be forced to make that decision.

6. For the foregoing reasons, this Court should allow Plaintiff to proceed under the fictitious name "Jane Doe" and to submit her true name and address for the Court under seal.

7. This Court should further enter a protective order precluding the Defendant from publicly disclosing Plaintiff's true name.

WHEREFORE, for the reasons set forth herein and any other reason this Court finds proper, Plaintiff requests that this Court grant her leave to proceed using the fictitious name Jane Doe.

Respectfully submitted this 27th day of October, 2023.

    __s/ Daniel D. Williams_____
    Daniel D. Williams, # 38445
    Hutchinson Black and Cook, LLC

    ***Attorney for Plaintiff***